UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.

JEREMY WADE WILSON,

          Defendant.

Criminal No. 21-101 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

---

Garrett S. Fields, Harry Jacobs, Joseph H. Thompson, Matthew C. Murphy, and Melinda A. Williams, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Robert A. Lengeling, **LAW OFFICES OF ROBERT A. LENGELING, PLLC**, 310 Fourth Avenue South, Suite 1050, Minneapolis, MN 55415, for Defendant.

Defendant Jeremy Wade Wilson was indicted by a grand jury on six counts of wire fraud, and he pleaded guilty to all six counts. During his guilty plea, the Court found that Wilson expressed clearly that he understood the potential consequences of his guilty plea, that he was competent to make a guilty plea, and that he was fully satisfied with his representation and had sufficient time to discuss his guilty plea with counsel. However, at his sentencing hearing, Wilson claimed ineffective assistance of counsel and subsequently filed a motion to withdraw his guilty plea. Because the Court finds no fair and just reason to withdraw Wilson's guilty plea, the motion will be denied.

## BACKGROUND

On May 28, 2024, Wilson entered a straight guilty plea to six counts of wire fraud charged by a superseding indictment. (Plea Hr'g Tr. at 8:12–10:22, 40:13–41:19, Dec. 9, 2024, Docket No. 106.) Before describing the factual basis for his plea, Wilson, under oath, stated that he had a clear mind and had not consumed any alcohol or drugs. (*Id.* at 7:13–21.) Wilson also indicated that he had fully discussed the indictment, superseding indictment, charges, and potential consequences, including possible enhancements, with his counsel and that he was fully satisfied with the advice provided by his counsel. (*Id.* at 8:3–11, 10:6–25.) The Court verified that any and all formal plea agreements were conveyed to Wilson. (*Id.* at 23:19–24.)

Wilson then testified that he owned Publishers Elite, a magazine telemarketing company, from 2013 to 2019 and engaged in fraudulent magazine sales. (*Id.* at 11:9–16:8, 20:4–25.) Specifically, Wilson admitted to fraudulently marketing magazines to at least ten people over the age of 55 using scripts designed to misrepresent that the caller was from the victims' existing magazine company and could extend or renew an expiring subscription. (*Id.* at 16:9–12.) Wilson also testified that he stepped away from the daily operations of Publishers Elite in 2015, but that the company nevertheless continued to use the fraudulent scripts developed and implemented by Wilson. (*Id.* at 18:2–23.) Wilson acknowledged that any orders that Publishers Elite placed would be placed through the Minnesota company PS Online. (*Id.* at 21:17–22:13.)

After the Court found sufficient factual basis for conviction on the six counts, Wilson testified to his knowledge of both the potential statutory penalties and the anticipated guideline range. (*Id.* at 23:4–31:10.) Wilson acknowledged the anticipated guideline range calculated by the parties but rejected any plea agreements to preserve his objections to the sentencing guidelines recommended by the United States Probation Office. (*Id.* at 28:18–22, 29:7–23, 30:18–22.) At the time Wilson entered his straight plea of guilty, the anticipated guideline range was 108 to 135 months based on an adjusted offense level of 31 and a criminal history category of I. (*Id.* at 28:18–22.) Wilson understood that the Court would rule on any objections to the presentence report ("PSR") prepared by the United States Probation Office and determine finally the sentencing guidelines range at the sentencing hearing. (*Id.* at 29:17–21, 31:15–21.) The Court reviewed the rights Wilson was giving up by entering a guilty plea, including trial by jury. (*Id.* at 34:19–36:21, 37:2–39:15.)

Wilson ultimately pleaded guilty to all six counts of the superseding indictment and the Court, having found that Wilson was proceeding voluntarily and was competent to enter an informed guilty plea, adjudged Wilson guilty of those six counts. (*Id.* at 40:13–42:13.)

On July 18, 2024, the United States Probation Office disclosed the preliminary PSR to Wilson and the United States. (Prelim. PSR, Docket No. 81.) After two extensions, Wilson filed objections to the total loss amount, the sophisticated means enhancement,

various victim-related enhancements, and the role enhancement. (Def.'s PSR Obj. at 1–2, Aug. 23, 2024, Docket No. 87.) Wilson argued that absent the enhancements, he should receive an additional reduction as a zero-point offender and the application of the safety valve. (*Id.* at 2.) The United States Probation Office responded to Wilson's objections in an addendum to the PSR. (PSR Addendum, Ex. 2, Sept. 6, 2024, Docket No. 89.)

In preparation for sentencing, the United States and Wilson submitted positions on sentencing. (Def.'s Position, Nov. 6, 2024, Docket No. 94; Gov.'s Position, Nov. 7, 2024, Docket No. 95.) Wilson maintained his objections and moved for a downward variance. (Def.'s Position at 10.) The United States filed, and the Court granted, a motion for an evidentiary hearing at sentencing. (Order Granting Mot. for Hr'g, Nov. 12, 2024, Docket No. 98.)

At the scheduled sentencing on November 15, 2024, Wilson's former counsel informed the Court that Wilson was alleging ineffective assistance of counsel and that Wilson intended to file a motion to withdraw his guilty plea. (Min. Entry, Docket No. 102; *see also* Mot. for Withdrawal as Counsel, Nov. 19. 2024, Docket No. 101.) Thereafter, Wilson was appointed new counsel and filed a motion to withdraw his guilty plea. (Mot. Withdraw Plea of Guilty, Dec. 12, 2024, Docket No. 107.)

## DISCUSSION

### I. STANDARD OF REVIEW

Wilson's motion must be viewed in the context of "the particular importance of the finality of guilty pleas." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004).

"[D]ispositions by guilty plea are accorded a great measure of finality," and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 71, 74 (1977). Likewise, guilty pleas are solemn acts "not to be disregarded because of belated misgivings about [their] wisdom." *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) (quotation omitted).

Wilson must demonstrate "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "While the standard is liberal, the defendant has no automatic right to withdraw a plea." *United States v. Heid*, 651 F.3d 850, 853 (8th Cir. 2011) (quotation omitted). Indeed, "the decision to allow or deny the motion remains within the sound discretion of the trial court." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997).

Even if Wilson can show a fair and just reason for withdrawing his plea, the Court must also consider other factors, including "whether [he] asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the [C]ourt grants the motion." *United States v. McHenry*, 849 F.3d 699, 705 (8th Cir. 2017) (quotation omitted).

II.   ANALYSIS

In seeking to withdraw his guilty plea, Wilson claims that he was not fully prepared for trial, did not understand the ramifications of his guilty plea, and that he felt pressure to enter a guilty plea as it was the first scheduled day of trial. On November 15, 2024, when he requested the opportunity to file a motion to withdraw his plea, he also raised

ineffective assistance of counsel. Yet none of the arguments present a fair and just reason for withdrawal of Wilson's guilty plea.

Wilson first claims that he was not ready to proceed to trial. But the evidence does not support that contention. Wilson was first indicted in 2021 and was appointed counsel less than a month later. Trial was originally scheduled for November 2023 but was continued twice, at Wilson's request, until May 2024. Instead of moving for another extension, Wilson filed a proposed witness list and then engaged the United States in plea negotiations. This evidence indicates that Wilson was ready for trial in May 2024.

Second, Wilson's testimony under oath at his change of plea hearing dispels any argument that he did not understand the consequences of his guilty plea or that he felt pressured to enter the guilty plea. The Court and the United States questioned Wilson extensively regarding his state of mind and his understanding regarding his entering a guilty plea. Based on Wilson's testimony, the Court confirmed that Wilson was acting voluntarily and was competent to enter a guilty plea, that he understood the potential consequences of entering a guilty plea, and that Wilson understood that the Court would make the final determinations on sentencing guidelines at sentencing. Further, Wilson acknowledged he was giving up his right to a trial by jury and that he did not accept the plea agreement offered by the United States because he intended to litigate some potential recommended enhancements at sentencing. Thus, Wilson's argument that he

misunderstood what entering a guilty plea could mean or that he felt pressured to enter a guilty plea is flatly contradicted by the record.

Finally, to the extent that Wilson alleges ineffective assistance of counsel by his former counsel, the Court finds insufficient evidence to determine that the counsel's performance was constitutionally inadequate. To demonstrate ineffective assistance of counsel, Wilson must make two showings: first that his counsel's performance "fell below an objective standard of reasonableness," and second that his counsel's deficient performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). Wilson has not presented the Court with any evidence that his former counsel was ineffective. Indeed, up until sentencing, Wilson represented that he was fully satisfied with his representation. *See United States v. Andolini*, 705 F.3d 335, 337–38 (8th Cir. 2013) (finding that expressing dissatisfaction with counsel at sentencing, alone, does not establish deficient performance or prejudice under *Strickland*).

In sum, Wilson has not presented the Court with any fair and just reason to allow withdrawal of his guilty plea. Instead, Wilson merely expresses discontent with the guideline calculation in the PSR and his potential sentence. Regret after entering a guilty plea, however, is insufficient to grant a motion to withdraw a guilty plea. *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006). The Court confirmed when Wilson entered his guilty plea that Wilson understood the Court would apply the sentencing guidelines in determining the ultimate sentence at the sentencing hearing.

Accordingly, the Court finds no fair and just reason to grant Wilson's motion to withdraw his guilty plea.

Yet, even if Wilson had presented the Court with a fair and just reason to withdraw his guilty plea, the Court would still have to evaluate other factors, including whether he has asserted his innocence, the time between the entry of the guilty plea and the motion to withdraw, and any prejudice to the United States. *McHenry*, 849 F.3d at 705. All of these factors counsel against granting Wilson's motion to withdraw his guilty plea. First, Wilson's only mention of innocence is that his counsel expects him to testify to his innocence at the hearing on this motion. But contradicting that assertion is Wilson's written statement to the United States Probation Office on July 18, 2024, where he admitted to the offense conduct and expressed remorse. (PSR ¶ 46.) Second, Wilson waited almost six months to notify the Court of his intent to file a motion to withdraw his guilty plea. The Eighth Circuit has found that a five- or seven-month delay supports denying a motion to withdraw a guilty plea. *United States v. Jones*, 479 F.3d 975, 978 (8th Cir. 2007). Third, the United States argues that it will be prejudiced if Wilson is allowed to withdraw his guilty plea, primarily because of the difficulties presented by re-gathering witnesses a second time for trial. Many witnesses are elderly and former employees of Wilson who live out of state and would need to travel to Minnesota for trial. The United States has already prepared for trial once in this matter and to reassemble all those witnesses would cause prejudice. *See United States v. Dixon*, 784 F.2d 855, 857 (8th Cir.

1986). Based on this record, all three factors counsel against granting Wilson's motion to withdraw.

Wilson also requests that the Court hold a hearing on this motion to withdraw. However, the Court will exercise its discretion in declining to hold a hearing because the allegations are "inherently unreliable" and "unsupported by specific facts." *Andolini*, 705 F.3d at 338.

## CONCLUSION

Wilson offers no just and fair reason to allow withdrawal of his guilty plea and the other factors also counsel against granting his motion. Because the Court finds that Wilson entered his straight plea of guilty competently, knowingly, and voluntarily, and only now regrets that plea having been informed of a higher-than-expected guideline range, the Court will deny Wilson's motion to withdraw his guilty plea and proceed to sentencing.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw Plea of Guilty [Docket No. 107] is **DENIED**.

DATED:  December 19, 2024                    _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                             JOHN R. TUNHEIM
                                                                 United States District Judge